UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEREMIAH ROSHEED JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-CV-050-DCLC-HBG |
| ) | |
| ANDERSON COUNTY SHERIFF'S ) | |
| OFFICE, OFFICER M. MUDGETT, and ) | |
| CORPORAL KEYS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On February 16, 2021, the day after the Court received Plaintiff's complaint, Clerk sent Plaintiff a notice notifying him of the Local Rule requiring that he monitor this case and update his address with the Court within fourteen days of any address change, and alerting him that failure to do so could result in dismissal of this action [Doc. 3]. Also, on February 17, 2021, the Court entered an order notifying Plaintiff that he had not filed the required documents to proceed *in forma pauperis*, providing him thirty days from the date of entry of that order to do so, and notifying him that failure to timely comply therewith or failure to update his address with the Court within fourteen days of an address change would result in dismissal of this action [Doc. 4]. However, more than fourteen days ago, the United States Postal Service ("USPS") returned the mail to Plaintiff containing these filings to the Court as undeliverable with notations indicating that Plaintiff is "not incarcerated" at the Anderson County Detention Facility [Docs. 5 and 6], which is the last current address he provided the Court [Doc. 2 p. 2].

Accordingly, on March 2, 2021, after the USPS first returned the Court's mail to Plaintiff to the Court, the Clerk mailed both the notice and the Court's deficiency order [Docs. 3, 4], along with a long form application for leave to proceed *in forma pauperis*, to the permanent address he listed in his complaint [Doc. 2 p. 2]. But Plaintiff has not filed any notice of address change or otherwise communicated with the Court since the USPS returned the Court's mail to him. Accordingly, for the reasons set forth below, this action will be **DISMISSED** for want of prosecution.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to update the Court with his new address and/or respond to the Court's deficiency order was due to his willfulness or fault. Specifically, it appears that Plaintiff received both the Clerk's notice regarding the requirement that he update his address within fourteen days of any address change and the Court's deficiency order after the Clerk resent them to his permanent address but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Clerk's notice and the Court's order has not prejudiced Defendants, as they have not been served. As to the third factor, as noted above, the Clerk's notice notified Plaintiff that

failure to timely update his address with the Court may result in dismissal of this action, and the Court's deficiency order notified him that failure to comply therewith or failure to update his address with the Court within fourteen days of any address change would result in dismissal of this action [Docs. 3, 4].  Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff sought to proceed *in forma pauperis* herein and has failed to comply with the Court's instructions.  On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).  Nothing about Plaintiff's pro se status prevented him from complying with the Court's instructions, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b).  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24.

    **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    **ENTER:**

    **SO ORDERED:**

s/Clifton L. Corker<br>United States District Judge